Case 2:15-cv-06465-CCC-MF   Document 9   Filed 05/24/16   Page 1 of 5 PageID: 151

**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEROME BARNES and SANDRA BARNES, <br><br> Plaintiffs, <br><br> v. <br><br> CARRINGTON MORTGAGE SERVICES, LLC, BANK OF AMERICA, N.A., and JOHN DOES I-X, <br><br> Defendants. | Civil Action No.: 15-6465 (CCC-MF) <br><br> **OPINION** |

**CECCHI, District Judge.**

## I. INTRODUCTION

Before the Court is a Motion to Dismiss Count II of the Complaint filed by Defendants Carrington Mortgage Services, LLC ("Carrington") and Bank of America, N.A. ("BANA") (collectively, "Defendants"). (ECF No. 4.) Plaintiffs Jerome and Sandra Barnes ("Plaintiffs") oppose the motion. The Court decides the motion without oral argument pursuant to Rule 78. Having considered the parties' submissions and for the reasons set forth below, the Court will grant Defendants' motion and dismiss Count II of Plaintiffs' Complaint.

## II. BACKGROUND

The relevant facts are straightforward and undisputed. Plaintiffs are the owners of property located at 219 8th Avenue, Patterson, New Jersey. (Compl. ¶ 3.) On May 16, 2008, Plaintiffs obtained a mortgage loan from SLM Financial Corporation which was secured by a Note in the amount of $251,060.00 and a Mortgage on Plaintiffs' property. (*Id.* ¶ 6.)

In December 2011, after the Plaintiffs had defaulted on the loan (*id.* ¶ 8), the Note and Mortgage were sold and assigned to Defendant BANA, who remained the owner through the filing of the Complaint in this action on August 27, 2015 (*Id.* ¶¶ 9, 11). Defendant Carrington became the loan servicer for Plaintiffs' mortgage loan in May 2013 and continued to service the loan through the filing of the Complaint. (*Id.* ¶ 10.)

On August 27, 2015, Plaintiffs filed the Complaint in this action. In Count II of the Complaint, Plaintiffs allege that Defendants violated § 1639f of the Truth In Lending Act ("TILA"). 15 U.S.C. § 1639f. Defendants move to dismiss Count II for failure to state a claim upon which relief can be granted.

### III. DISCUSSION

15 U.S.C. § 1639f(a) states:

> In connection with a consumer credit transaction secured by a consumer's principal dwelling, no servicer shall fail to credit a payment to the consumer's loan account as of the date of receipt . . . .

In Count II of the Complaint, Plaintiffs allege that Defendants violated § 1639f by failing to credit Plaintiffs' loan payments as of the date of receipt.

Defendants move to dismiss Count II for failure to state a claim against either Defendant. As to Defendant Carrington, Defendants contend that TILA does not create a private cause of action against the servicer of a loan for a violation of § 1639f. As to Defendant BANA, Defendants contend that TILA only creates liability for a statutorily-defined "creditor" and BANA does not fall within the definition. For the following reasons, the Court agrees with Defendants and will dismiss Count II.

### A. Count II is Dismissed as to Defendant Carrington

The plain language of § 1639f does not create a private cause of action. *See* 15 U.S.C. § 1639f. Rather, the provision of TILA that creates a private cause of action is § 1640(a), which states in relevant part:

> [A]ny *creditor* who fails to comply with any requirement imposed under this part . . . with respect to any person is liable to such person . . . .

15 U.S.C. § 1640(a) (emphasis added). The statute refers only to a creditor's liability—not a loan servicer's. "Courts applying TILA uniformly hold that there is no servicer liability under TILA." *Lucien v. Fed. Nat'l Mortg. Assoc.*, 21 F. Supp. 3d 1379, 1383 (S.D. Fla. 2014).

Plaintiffs respond that TILA should not be read to impose no consequences on a loan servicer for undisputedly failing to comply with § 1639f. (*See* ECF No. 7 at 12-13.) However, Plaintiff's argument fails. Although TILA does not create a *private* cause of action against a loan servicer, it does impose consequences on a loan servicer who fails to comply with § 1639f. The statute allows for "[a]n action to enforce a violation of section . . . 1639f . . . of this title [to] be brought by the appropriate State attorney general in any appropriate United States district court . . . ." *See* 15 U.S.C. § 1640(e).

Because TILA does not create a private cause of action against a loan servicer, Count II fails to state a claim for relief against Defendant Carrington. Thus, Count II is dismissed as to Defendant Carrington.

### B. Count II is Dismissed as to Defendant BANA

As discussed above, TILA creates a private cause of action against a "creditor." 15 U.S.C. § 1640(a). The term "creditor" is explicitly defined by TILA as follows:

> *The term "creditor" refers only* to a person who *both* (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by

3

>agreement in more than four installments or for which the payment of a finance charge is or may be required, ***and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness*** or, if there is no such evidence of indebtedness, by agreement . . . .

15 U.S.C. § 1602(g) (emphasis added). It is undisputed that BANA does not fall within a literal reading of the second condition because BANA is not the person to whom the debt arising from the consumer credit transaction was initially payable on the face of the evidence of indebtedness. That "person" was SLM Financial Corporation, the entity that originated the loan. BANA is an assignee of SLM Financial.

Defendants argue that because BANA does not fall within the definition of a "creditor" it cannot be liable under TILA. Plaintiffs respond by urging this Court to read the term "creditor" in § 1640(a) as including both the loan originating creditor and any subsequent assignees. An alternative reading, Plaintiffs argue, would lead to the absurd result of the statute becoming unenforceable.

As an initial matter, the issue of assignee liability under § 1640(a) has not been addressed by either the Third Circuit or the District of New Jersey. "The courts [in other districts] that have considered this issue have reached different conclusions, but all agree that the statute, as drafted, makes little sense." *Lucien*, 21 F.Supp. 3d at 1387.[1] As the Second Circuit noted in *Vincent v.*

---

[1] Some courts have applied the statute literally, finding that assignees are not liable under § 1640 for a servicer's failure to comply with servicing obligations. *See, e.g., Vincent v. Money Store*, 736 F.3d 88 (2d Cir. 2013); *Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689 (7th Cir. 1998); *James v. Nationstar Mortg., LLC*, 92 F. Supp. 3d 1190 (S.D. Ala. 2015); *Claude v. Wells Forgo Home Mortg.*, 2014 U.S. Dist. LEXIS 112493 (D. Conn. Aug. 14, 2014); *Selman v. CitiMortgage, Inc.*, Civ. Action No. 12-0441, 2013 U.S. Dist. LEXIS 37017 (S.D. Ala. Mar. 5, 2013); *Signori v. Fannie Mae*, 934 F. Supp. 2d 1364 (S.D. Fla. 2013). Other courts have held that assignees can be liable for failures to comply with servicing obligations, reasoning that an assignee is identically situated to the original creditor with respect to post-origination servicing violations and should therefore be treated identically by the statute. *See, e.g., Lucien*, 21 F. Sup. 3d 1379; *Runkle v. Fed. Nat'l Mortg. Assoc.*, 905 F. Supp. 2d 1326 (S.D. Fla. 2012); *Rinegard-Guirma v. Bank of Am. NA*, Civ. Action No. 10-1065, 2012 U.S. Dist. LEXIS 46094 (D. Or. Apr. 2, 2012); *Consumer*

*Money Store*, the plaintiffs in that case had "identified an apparent oversight in the statute." 736 F.3d at 106. In that case, however, the Second Circuit noted that Congress was not unaware of the issue, *id.* at 108, and further stated:

> We may think it unwise to allow an assignee to escape TILA liability . . . where the original creditor would otherwise be [liable] . . . . But such a result is not "absurd." We will not rewrite the text of the statute . . . . We note this discrepancy, however, for the benefit of Congress . . . .

*Id.* at 109.

This Court is persuaded by the reasoning in *Vincent v. Money Store* that it is not the job of the courts to rewrite the language of § 1640(a).[2] This Court will, therefore, apply the statutory definition of "creditor." As BANA undisputedly does not fall within the literal definition of "creditor" provided by TILA, the Complaint fails to state a claim under TILA against Defendant BANA.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, Defendants' Motion to Dismiss is granted and Count II of the Complaint is dismissed without prejudice. To the extent the deficiencies set forth by the Court can be cured, Plaintiff will be given thirty (30) days to file an amended complaint. An appropriate order accompanies this Opinion.

Dated: May 24, 2016

CLAIRE C. CECCHI, U.S.D.J.

---

*Solutions REO, LLC v. Hillery*, Civ. Action No. 08-4357, 2010 U.S. Dist. LEXIS 37857 (N.D. Cal. Mar. 24, 2010).

[2] Furthermore, TILA contains a separate statutory section that specifically identifies limited circumstances in which assignees can be liable. *See* 15 U.S.C. § 1641 ("Liability of assignees"). The existence of a separate statutory section governing assignees is a further indication that § 1640(a) should not be extended to include assignees.